## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

**ELDRIDGE ROOSEVELT MEEKS, III,**

Plaintiff,

**Civil Action No. 4:20-cv-00029**

v.

**THE CITY OF DANVILLE**

**and**

**JACOB AMOS, LARRY DWAYNE LAND,
JOHN PULLEY, JONATHAN EPPS,
TODD HAWKINS AND WILLIAM SHIVELY,**

in their individual capacities,

**and**

**JOHN DOES 1 – 10,**

Defendants.

## ANSWER TO COMPLAINT

COME NOW DEFENDANTS, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Jonathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1 – 10, by counsel, denying that they are liable to Plaintiff in any sum under any legal theory of recovery, and for their answer aver as follows:

1.      These Defendants admit that Plaintiff seeks damages as alleged in paragraph 1 of Plaintiff's Complaint. The remaining allegations of paragraph 1 of Plaintiff's Complaint are denied.

2.      It is admitted that on May 25, 2018, several officers of the Danville Police Department ("DPD"), including the individual defendants, assembled to arrest Meeks on outstanding felony

DANIEL, MEDLEY & KIRBY, P.C.
LAW OFFICES
POST OFFICE BOX 720
DANVILLE, VIRGINIA 24543

warrants, that the officers located Meeks hiding in a bathroom of a duplex home located at 265 Lovell Drive, and that Meeks was apprehended and his wrists handcuffed behind his back. All other allegations in paragraph 2 of Plaintiff's Complaint are denied.

3. It is admitted that Meeks fled and ran out the front door with his hands cuffed behind his back, that Officer Amos deployed his taser in the direction of a fleeing Meeks, and that Meeks fell to the ground. All other allegations in paragraph 3 of Plaintiff's Complaint are denied.

4. It is admitted that Officer Shively ran to the place where Meeks was located and attempted to effectuate his arrest. All other allegations in paragraph 4 of Plaintiff's Complaint seeking to impute liability to any defendant herein are denied.

5. It is admitted that MEEKS was arrested and transported to a hospital in Danville, and that he was flown to Roanoke by helicopter for emergency treatment. It is denied that his injuries were received at the hands of these Defendants. These Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

6. It is admitted that the incidents that occurred during Meeks' arrest were captured by body-worn cameras. All other allegations in paragraph 6 of Plaintiff's Complaint are denied.

7. These Defendants do not contest that this court has subject matter jurisdiction over claims and controversies that properly arise under federal law. However, these Defendants deny that Plaintiff has appropriately pled or alleged a case arising under federal law. These Defendants reserve the right to contest that a particular federal cause of action is appropriate in the instant matter.

8. These Defendants do not contest that this court has supplemental jurisdiction over state law claims. However, these Defendants deny that Plaintiff has appropriately pled a case for supplemental jurisdiction and reserve the right to contest that a particular cause of action in the instant

matter is properly before the court.

9.      These Defendants do not contest that venue is proper in the Danville Division of the Western District of Virginia if this court has proper jurisdiction over the events concerning Plaintiff. These Defendants deny that Plaintiff has properly pled a cause of action sufficient to invoke the jurisdiction of this court and reserve the right to contest the jurisdiction of this court on any issue raised by Plaintiff's Complaint.

10.     The allegations of paragraph 10 of Plaintiff's Complaint are admitted.

11.     The allegations of paragraph 11 of Plaintiff's Complaint are admitted.

12.     The allegations of paragraph 12 of Plaintiff's Complaint are admitted.

13.     The allegations of paragraph 13 of Plaintiff's Complaint are admitted.

14.     The allegations of paragraph 14 of Plaintiff's Complaint are admitted.

15.     The allegations of paragraph 15 of Plaintiff's Complaint are admitted.

16.     The allegations of paragraph 16 of Plaintiff's Complaint are admitted.

17.     The allegations of paragraph 17 of Plaintiff's Complaint are admitted.

18.     These Defendants are without sufficient information to admit or deny the allegations of paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19.     The allegations of paragraph 19 of Plaintiff's Complaint are admitted.

20.     The allegations of paragraph 20 of Plaintiff's Complaint are admitted.

21.     The allegations of paragraph 21 of Plaintiff's Complaint are admitted.

22.     The allegations of paragraph 22 of Plaintiff's Complaint are admitted.

23.     The allegations of paragraph 23 of Plaintiff's Complaint are admitted.

24.     The allegations of paragraph 24 of Plaintiff's Complaint are admitted.

25.     The allegations of paragraph 25 of Plaintiff's Complaint are admitted.

26. The allegations of paragraph 26 of Plaintiff's Complaint are admitted.

27. The allegations of paragraph 27 of Plaintiff's Complaint are admitted.

28. The allegations of paragraph 28 of Plaintiff's Complaint are admitted.

29. The allegations of paragraph 29 of Plaintiff's Complaint are denied as presently articulated. It is admitted that the policy provides that the head, neck, throat or spine should not be intentionally targeted except when the officer believes the suspect poses an imminent threat of serious bodily injury or death to himself or others.

30. The allegations of paragraph 30 of Plaintiff's Complaint are denied as presently articulated. It is admitted that the then DPD policy on "REPORTING USE OF CONTROL DEVICES" required DPD police officers to document the use of batons in both Use of Force and incident reports.

31. The allegations of paragraph 31 of Plaintiff's Complaint are admitted.

32. The allegations of paragraph 32 of Plaintiff's Complaint are admitted.

33. The allegations of paragraph 33 of Plaintiff's Complaint are admitted.

34. The allegations of paragraph 34 of Plaintiff's Complaint are admitted. The policy also provides for taser use when the circumstances perceived by the officer indicate that it is reasonably necessary to control a person who is violent or physically resisting or who demonstrates an intention to be violent or physically resist and reasonably presents a potential for harm to officers, himself or others.

35. The allegations of paragraph 35 of Plaintiff's Complaint are admitted.

36. The allegations of paragraph 36 of Plaintiff's Complaint are admitted.

37. The allegations of paragraph 37 of Plaintiff's Complaint are admitted as articulated. However, to the extent the allegations of paragraph 37 seek to impute liability to any defendant herein,

they are denied.

38.    The allegations of paragraph 38 of Plaintiff's Complaint are admitted.

39.    The allegations of paragraph 39 of Plaintiff's Complaint are admitted.

40.    The allegations of paragraph 40 of Plaintiff's Complaint are admitted.

41.    The allegations of paragraph 41 of Plaintiff's Complaint are admitted.

42.    The allegations of paragraph 42 of Plaintiff's Complaint are admitted.

43.    The allegations of paragraph 43 of Plaintiff's Complaint are admitted.

44.    It is admitted that at least one officer knew Meeks and addressed him as Mickey. All other allegations of paragraph 44 of Plaintiff's Complaint are denied.

45.    The allegations of paragraph 45 of Plaintiff's Complaint are admitted.

46.    The allegations of paragraph 46 of Plaintiff's Complaint are denied.

47.    The allegations of paragraph 47 of Plaintiff's Complaint are denied as presently articulated. These Defendants affirmatively allege that Officer Amos issued an announcement warning Meeks he would use his Taser, and Meeks continued running.

48.    The allegations of paragraph 48 of Plaintiff's Complaint are denied. These Defendants affirmatively allege that Meeks fell after fleeing arrest at night with his hands cuffed behind him and his pants loose. These Defendants further affirmatively allege that, while Officer Amos issued an announcement warning Meeks he would use his Taser, Meeks continued running, and Amos 5 seconds later deployed his Taser in the direction of a fleeing Meeks, none of the Taser probes made contact with Meeks' body or caused Meeks to fall.

49.    The allegations of paragraph 49 of Plaintiff's Complaint are denied.

50.    The allegations of paragraph 50 of Plaintiff's Complaint are denied. These Defendants affirmatively allege that Meeks, fleeing arrest with his hands cuffed behind him and his pants loose,

suffered injuries when he fell to the roadway with nothing to break his fall, and further allege that Meeks began complaining of breathing difficulty within 14 seconds of his fall.

51.     The allegations of paragraph 51 of Plaintiff's Complaint are denied. These Defendants affirmatively state that, after Meeks fell, Officer Amos came to Meeks who was lying on the roadway, not sitting up in a yard.

52.     The allegations of paragraph 52 of Plaintiff's Complaint are denied.

53.     The allegations of paragraph 53 of Plaintiff's Complaint are admitted.

54.     The allegations of paragraph 54 of Plaintiff's Complaint are admitted.

55.     The allegations of paragraph 55 of Plaintiff's Complaint are denied.

56.     The allegations of paragraph 56 of Plaintiff's Complaint are admitted.

57.     The allegations of paragraph 57 of Plaintiff's Complaint are denied.

58.     The allegations of paragraph 58 of Plaintiff's Complaint are denied.

59.     The allegations of paragraph 59 of Plaintiff's Complaint are denied.

60.     The allegations of paragraph 60 of Plaintiff's Complaint are denied.

61.     The allegations of paragraph 61 of Plaintiff's Complaint, as presently articulated, are denied. These Defendants affirmatively allege that officers promptly summoned EMS and, while awaiting EMS's arrival, turned Meeks on his side to assist his breathing, and briefly returned him to a prone position in order to check him for Taser probes.

62.     The allegations of paragraph 62, as presently articulated, are denied. It is admitted that one of the officers made the statement alleged in paragraph 62. All other allegations of paragraph 62 of Plaintiff's Complaint are denied.

63.     The allegations of paragraph 63 of Plaintiff's Complaint are admitted.

64.     The allegations of paragraph 64 of Plaintiff's Complaint are denied. These Defendants

affirmatively allege that officers promptly summoned EMS to the scene.

65.     It is admitted that one of the officers placed Meeks in an upright position to assist his breathing. All other allegations of paragraph 65 of Plaintiff's Complaint are denied.

66.     It is admitted that one or more officers remarked that Meeks would not get very far in his escape. All other allegations of paragraph 66 of Plaintiff's Complaint are denied.

67.     It is admitted that EMS responded to the officers' summon and transported Meeks to Sovah Health - Danville. All other allegations of paragraph 67 of Plaintiff's Complaint are denied.

68.     It is admitted that Meeks was flown by helicopter to Carilion Hospital in Roanoke on May 26, 2018, These Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 68 of Plaintiff's Complaint and demand strict proof thereof.

69.     The allegations of paragraph 69 of Plaintiff's Complaint are admitted.

70.     These Defendants deny that Plaintiff's alleged injuries were the result of any application of excessive force by the officers, and affirmatively allege that Meeks, fleeing arrest with his hands cuffed behind him and his pants loose, suffered injuries when he fell to the roadway with nothing to break his fall. These Defendants are without sufficient information to admit or deny the truth of the various injuries alleged in paragraph 70 of Plaintiff's Complaint and demand strict proof thereof.

71.     The allegations of paragraph 71 of Plaintiff's Complaint are denied.

72.     The allegations of paragraph 72 of Plaintiff's Complaint are denied.

73.     The allegations of paragraph 73 of Plaintiff's Complaint are admitted.

74.     The allegations of paragraph 74 of Plaintiff's Complaint are denied.

75.     These Defendants incorporate each and every answer set forth above.

76.     The allegations of paragraph 76 of Plaintiff's Complaint do not require an answer of

these Defendants. To the extent Plaintiff's recitation of an excerpt from a Fourth Circuit opinion contained in paragraph 76 of Plaintiff's Complaint seeks to impute liability on the part of any defendant herein, it is denied.

77.     The allegations of paragraph 77 of Plaintiff's Complaint are a legal conclusion and do not require an answer of these Defendants. To the extent said allegations seek to impute liability on the part of any defendant herein, they are denied.

78.     The allegations of paragraph 78 of Plaintiff's Complaint are denied.

79.     The allegations of paragraph 79 of Plaintiff's Complaint are denied.

80.     The allegations of paragraph 80 of Plaintiff's Complaint are admitted.

81.     The allegations of paragraph 81 of Plaintiff's Complaint are denied.

82.     The allegations of paragraph 82 of Plaintiff's Complaint are denied.

83.     The allegations of paragraph 83 of Plaintiff's Complaint are denied.

84.     The allegations of paragraph 84 of Plaintiff's Complaint are denied.

85.     These Defendants incorporate each and every answer set forth above.

86.     The allegations of paragraph 86 of Plaintiff's Complaint are denied.

87.     The allegations of paragraph 87 of Plaintiff's Complaint are denied.

88.     The allegations of paragraph 88 of Plaintiff's Complaint are denied.

89.     The allegations of paragraph 89 of Plaintiff's Complaint are denied.

90.     The allegations of paragraph 90 of Plaintiff's Complaint are denied.

91.     These Defendants incorporate each and every answer set forth above.

92.     The allegations of paragraph 92 of Plaintiff's Complaint are a legal conclusion and do not require an answer of these Defendants.

93.     The allegations of paragraph 93 of Plaintiff's Complaint are denied.

94.     The allegations of paragraph 94 of Plaintiff's Complaint are denied. These Defendants deny that they are liable to Plaintiff under any theory of recovery and for any sum.

95.     The allegations of paragraph 95 of Plaintiff's Complaint are denied.

96.     The allegations of paragraph 96 of Plaintiff's Complaint are denied. The allegations of paragraph 96 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

97.     The allegations of paragraph 97 of Plaintiff's Complaint are denied.

98.     The allegations of paragraph 98 of Plaintiff's Complaint are denied.

99.     The allegations of paragraph 99 of Plaintiff's Complaint are denied.

100.    The allegations of paragraph 100 of Plaintiff's Complaint are denied.

101.    The allegations of paragraph 101 of Plaintiff's Complaint are denied.

102.    The allegations of paragraph 102 of Plaintiff's Complaint are denied. The allegations of paragraph 102 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

103.    The allegations of paragraph 103 of Plaintiff's Complaint do not require an answer from these Defendants. To the extent an answer may be required, these Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

104.    These Defendants incorporate each and every answer set forth above.

105.    The allegations of paragraph 105 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent Plaintiff's recitation of an excerpt from a Fourth Circuit opinion contained in paragraph 105 of Plaintiff's Complaint seeks to impute liability on the part of any defendant herein, they are denied.

106.    It is admitted that at least one officer opined on the futility of Meeks' attempted

escape. All other allegations of paragraph 106 of Plaintiff's Complaint are denied.

107.    The allegations of paragraph 107 of Plaintiff's Complaint are admitted on the ground that it is to be anticipated that a part of any officer's job may include the arrest of a fleeing felon.

108.    The allegations of paragraph 108 of Plaintiff's Complaint are admitted.

109.    The allegations of paragraph 109 of Plaintiff's Complaint are denied.

110.    To the extent the allegations of paragraph 110 of Plaintiff's Complaint seek to impute liability to any defendant herein, they are denied.

111.    The allegations of paragraph 111 of Plaintiff's Complaint are denied. The allegations of paragraph 111 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

112.    The allegations of paragraph 112 of Plaintiff's Complaint are denied. The allegations of paragraph 112 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

113.    These Defendants incorporate each and every answer set forth above.

114.    The allegations of paragraph 114 of Plaintiff's Complaint are denied. These Defendants deny that any officer broke Meeks' ribs or clavicle.

115.    The allegations of paragraph 115 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent the allegations of paragraph 115 of Plaintiff's Complaint seek to impute liability to any defendant herein, they are denied.

116.    The allegations of paragraph 116 of Plaintiff's Complaint are denied. These Defendants deny that any officer, justified or not, used a baton to break Meeks' clavicle.

117.    The allegations of paragraph 117 of Plaintiff's Complaint are denied. These Defendants deny that any officer, justified or not, broke Meeks' ribs.

118.     The allegations of paragraph 118 of Plaintiff's Complaint are denied. The allegations of paragraph 118 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

119.     The allegations of paragraph 119 of Plaintiff's Complaint are denied. The allegations of paragraph 119 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

120.     The allegations of paragraph 120 of Plaintiff's Complaint are denied.

121.     These Defendants incorporate each and every answer set forth above.

122.     The allegations of paragraph 122 of Plaintiff's Complaint are denied.

123.     The allegations of paragraph 123 of Plaintiff's Complaint are denied. The allegations of paragraph 123 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

124.     The allegations of paragraph 124 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent an answer may be required, these Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

125.     These Defendants incorporate each and every answer set forth above.

126.     The allegations of paragraph 126 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent an answer may be required, these Defendants deny that they breached any such duty to Plaintiff, and further deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

127.     The allegations of paragraph 127 of Plaintiff's Complaint are denied. The allegations of paragraph 127 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

128.   The allegations of paragraph 128 of Plaintiff's Complaint are denied.

129.   The allegations of paragraph 129 of Plaintiff's Complaint are denied.

130.   The allegations of paragraph 130 of Plaintiff's Complaint are denied.

131.   The allegations of paragraph 131 of Plaintiff's Complaint are denied.

## Affirmative Defenses

1.   These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2.   These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Qualified Immunity.

3.   These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to give proper statutory notice under Virginia Code §15.2-209.

4.   These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

5.   These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for injunctive relief.

6.   These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for punitive damages.  These Defendants further affirmatively state that, even if punitive damages may be awarded, that such damages are limited by Virginia Code §8.01-38.1.

7.   These Defendants affirmatively state that Plaintiff's claims are, in part, frivolous and without any reasonable foundation or support in law or in fact, as articulated in Defendants' answers

above. These Defendants affirmatively request that any such frivolous allegation be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs with respect to any such frivolous allegation, and that the court enter an order sanctioning Plaintiff for filing any said frivolous allegation.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

> CITY OF DANVILLE
>
> JACOB AMOS
>
> LARRY DWAYNE LAND
>
> JOHN PULLEY
>
> JONATHAN EPPS
>
> TODD HAWKINS
>
> WILLIAM SHIVELY
>
> and
>
> JOHN DOES 1-10
>
> By Counsel

DANIEL, MEDLEY & KIRBY, P.C.
LAW OFFICES
POST OFFICE BOX 720
DANVILLE, VIRGINIA 24543

13

Counsel:

*/s/ James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

CERTIFICATE OF COUNSEL

I hereby certify that on this 18th day of June, 2020 I electronically filed the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

*/s/ James A. L. Daniel*
James A. L. Daniel