## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

**ELDRIDGE ROOSEVELT MEEKS, III,**

      Plaintiff,

                                      Civil Action No. 4:20-cv-00029

**v.**

**THE CITY OF DANVILLE**

**and**

**JACOB AMOS, LARRY DWAYNE LAND,
JOHN PULLEY, JONATHAN EPPS,
TODD HAWKINS AND WILLIAM SHIVELY,**

      in their individual capacities,

**and**

**JOHN DOES 1 – 10,**

      Defendants.

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF PLEA IN BAR

COME NOW DEFENDANTS, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Jonathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1 – 10, by counsel, and file this their Memorandum of Law in Support of Plea in Bar.

The Plaintiff has failed to comply with the statutory notice provision of Virginia Code §15.2-209, and thus certain state tort claims are barred in whole or in part. Further, the Plaintiff's own factual allegations set forth in his Complaint (the "Complaint") establish that the Defendant,

City of Danville, is entitled to sovereign immunity, and the officers entitled to qualified immunity, thus barring Plaintiff's seventh cause of action.[1]

a) Failure to comply with the statutory notice provision of Virginia Code §15.2-209

Section 15.2-209 of the Code of Virginia requires that, "every claim cognizable against any county, city, or town for negligence shall be forever barred unless the claimant or his agent, attorney, or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred, within six months after such cause of action accrued." This notice must be in writing and be provided to the Office of the City Attorney.

The Plaintiff in this case has failed to provide the required notice of claim. (*See* Exhibit 1, Affidavit of W. Clarke Whitfield, Jr., Danville City Attorney.) While the statute requiring a notice of claim also provides that the Plaintiff's claim is not barred if the "attorney, chief executive, or mayor of such locality, or any insurer or entity providing coverage or indemnification of the claim, had actual knowledge of the claim," Plaintiff has failed to make any showing of the requisite actual knowledge of the pertinent parties that would excuse his failure to file a timely notice of claim. The Plaintiff's state law tort claims are thus barred in whole or in part.

b) Sovereign Immunity and/or Qualified Immunity

While the Plaintiff uses the terms "gross," "willful," "wanton" and "reckless," in alleging his seventh cause of action, the Complaint fails to articulate sufficient factual allegations that would elevate the Plaintiff's claims beyond those of simple negligence, and the Plaintiff's seventh cause of action is thus barred by the doctrine of sovereign immunity.

---

[1] These Defendants assert here and in their Answer to Plaintiff's Complaint that all the Plaintiff's various other claims, when factually explored, are barred in whole or in part by sovereign and/or qualified immunity. However, this plea in bar addresses the claims only as they are pled in Plaintiff's Complaint.

A municipality is immune from liability for failure to exercise – or for negligence in the exercise of – its governmental functions. Transportation, Inc. v. City of Falls Church, 219 Va. 1004, 254 S.E.2d 62 (1979). A municipality engages in two types of functions: (1) governmental functions and (2) proprietary functions. Governmental functions encompass duties the municipality performs for the common good, while proprietary functions are those it undertakes for the special local benefit of the municipality or for financial benefit. Edwards v. City of Portsmouth, 237 Va. 167 (1989); City of Richmond v. Long's Adm'rs, 58 Va. 357 (1867); Fenon v. City of Norfolk, 203 Va. 551 (1962). *See also* Niese v. City of Alexandria, 564 S.E.2d 127 (Va. 2002) (municipal corporations are immune from liability when performing governmental functions but are not when exercising proprietary functions).

As the Virginia Supreme Court has acknowledged, "a municipal corporation acts in its governmental capacity in . . . maintaining a police force." Niese, 564 S.E.2d at 133, quoting Hoggard v. Richmond, 172 Va. 145, 148, 200 S.E. 620, 611 (1939). The Plaintiff's claims as set forth in the seventh count all arise out of acts alleged to have been committed by the City's employees in the execution of this governmental function. It is also established law that "a municipality is not liable for damages to an individual who is injured by the negligence of a servant, officer, or employee of the municipality while he is engaged in the performance of a governmental function." Franklin v. Town of Richlands, 161 Va. 156, 159; 179 S.E. 718, 719 (1933), *accord* Bryant v. Mullins, 347 F. Supp. 1282, 1972 U.S. Dist. LEXIS 12071. (W.D. Va. Sept. 8, 1972).

Gross negligence in Virginia is "the utter disregard of prudence amounting to complete neglect of the safety of another. It is the heedless and palpable violation of a legal duty respecting

DANIEL, MEDLEY & KIRBY, P.C.
LAW OFFICES
POST OFFICE BOX 720
DANVILLE, VIRGINIA 24543

3

the rights of others which amounts to the absence of slight diligence, or the want of even scant care." Volpe v. City of Lexington, 281 Va. 630, 639, 708 S.E.2d 824 (2011). Willful and wanton negligence, an even greater degree than gross negligence, requires acts "consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." Woods v. Mendez, 265 Va. 68, 76-77 (2003).

The Virginia Supreme Court sustains dismissals as a matter of law where a plaintiff fails to make a *prima facie* case of gross negligence at the pre-jury phase. *See* Colby v. Boyden, 241 Va. 125, 133 (1991) (holding that the trial court properly dismissed, as a matter of law, plaintiff's complaint against an officer for lack of *prima facie* gross negligence where the defendant had exercised some degree of care, and thus plaintiff could not show the "absence of slight diligence, or the want of even scant care.")

These Defendants submit that the Plaintiff in this case has failed to allege facts that support a gross, willful, wanton or reckless negligence theory as a matter of law. Without gross negligence, at a minimum, the Plaintiff's claims are barred. While the Plaintiff uses the terms "gross," "willful," "wanton" and "reckless," the Complaint articulates insufficient factual allegations that would elevate the Plaintiff's claims beyond those of simple negligence. Rather, despite the self-serving omissions of the Complaint, Plaintiff himself has alleged facts that counter the fiction that these Defendants acted with the "absence of slight diligence or want of even scant care" in the conduct of their duties. Specifically:

- Plaintiff himself states that "one of the defendant OFFICERS placed MEEKS into a sitting position," (Complaint ¶65) to assist him in breathing more easily,

- Plaintiff makes unsubstantiated allegations that none of the officers sought immediate medical assistance for him (Complaint ¶64), but concedes three paragraphs later, mysteriously, that EMS "eventually" responded (Complaint ¶67), without ever stating if and when the officers summoned him assistance.[2]

While Plaintiff goes to much effort in the Complaint to obscure the care given to him, the inferences reasonably drawn from the carefully, selectively presented facts show that these Defendant Officers' conduct was inconsistent with the "absence of slight diligence " or "want of even scant care" required for a finding of gross diligence. Therefore, Plaintiff's seventh cause of action against the City and the named Officers at best sounds in simple negligence, and the doctrines of sovereign and qualified immunity operate as a bar.

WHERFORE, these Defendants respectfully request that the Plaintiff's state law causes of action as set forth in the Complaint be dismissed in whole or in part.

CITY OF DANVILLE

JACOB AMOS

LARRY DWAYNE LAND

JOHN PULLEY

JONATHAN EPPS

TODD HAWKINS

WILLIAM SHIVELY

and

---

[2] In fact, officers had directed that an ambulance, previously summoned to the scene to assist another person, be instead directed to Meeks' assistance, and EMS was thus already en route.

JOHN DOES 1-10

By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 18th day of June, 2020 I electronically filed the foregoing Defendants' Memorandum of Law in Support of Plea in Bar with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

/s/ *James A. L. Daniel*
James A. L. Daniel