## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| **ELDRIDGE ROOSEVELT MEEKS, III,** | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:20-cv-00029-JLK** |
| | ) | |
| **THE CITY OF DANVILLE** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JACOB AMOS, LARRY DWAYNE LAND,** | ) | |
| **JOHN PULLEY, JONATHAN EPPS,** | ) | |
| **TODD HAWKINS and WILLIAM SHIVELY,** | ) | |
| *in their individual capacities* | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN DOES 1-10,** | ) | |
| *Defendants.* | ) | |

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' PLEA IN BAR

COMES NOW the Plaintiff, by counsel, in in opposition to Defendants' Plea in Bar (Dkt. 8) to-wit:

### THE FEDERAL RULES OF CIVIL PROCEDURE DO PERMIT THE FILING OF A PLEA IN BAR

F.R.C.P. Rule 7(a) limits the filing of pleadings. Absent leave of court, only complaints and answers are permitted. All other requests for court orders must be made by motion. Consequently, the Defendants' Plea in Bar (Dkt. 8) is an impermissible pleading and must be stricken. Notwithstanding his Motion, the Plaintiff, without conceding that the Plea in Bar is proper, will address the merits of the Plea in Bar as if it were a Rule 12(b)(6) motion.

**THE STATE NOTICE OF CLAIM STATUTE DOES NOT PERTAIN TO INTENTIONAL TORTS , GROSS NEGLIGENT, OR WANTON AND WILLFUL NEGLIGENCE**

The Defendants correctly note that the Plaintiff did not submit notice of claim pursuant to Code of Virginia 15.2-209.  However, as noted in the plain language of the statute, such notices are only required in cases of ordinary negligence.   The Plaintiff has plausibly alleged intentional torts and both gross and willful and wanton negligence.  These state common law torts do not require notice of claims.

**THE PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE CLAIMS FOR GROSS NEGLIGENCE AND WILLFUL AND WANTON NEGLIGENCE**

The Defendants attach significance to the fact that after the Defendants broke the Plaintiff's clavicle and ribs, thereby detaching his lung, they eventually sat him up and summoned an ambulance to retrieve him instead of letting him die on the scene.  The Defendants reason that this eventual call for an ambulance indicates the slight or scant care necessary to overcome a claim of gross negligence or willful or wanton negligence.  However, the negligence alleged in the Complaint occurred before the ambulance was summoned and the issue is whether or not the Defendants exhibited slight care during the acts the led to the Plaintiff's injuries.  Thus the question is if the facts alleged are proven at trial, whether or not a jury could conclude that any or all of the Defendants acted with gross or willful and wanton negligence.

The Plaintiff has alleged that the Defendants, acting in concert, used weapons without basis against him, in violation of clearly established law, and that they accosted him and handled him in manner contrary to their policies in such a way as to nearly guarantee that he would be severely injured.  The Plaintiff further alleges that the Defendants mocked him and berated him as we went in and out of consciousness and that they discounted his repeated reports of difficultly in breathing.  These are certainly facts that, if proven, would permit a jury to conclude

-2-

that any or all of the individual Defendants were grossly or willfully and wantonly negligent.

## NONE OF THE  INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED OR SOVEREIGN IMMUNITY FOR INTENTIONAL TORTS OR FOR GROSS OR WANTON AND WILLFUL NEGLIGENCE

It is well-settled law that neither qualified immunity nor sovereign immunity pertain to intentional torts or to gross or willful and wanton negligence.  *See*, e.g. *James v. Jane*, 282 S.E.2d 864, 221 Va. 43 (1980)

## THE COMPLAINT IS NOT FRIVOLOUS

The Plaintiff was unarmed, handcuffed and nearly naked when he was arrested.  He ran, but he never touched or threatened an officer.  A few minutes later he was in such a dangerous medical condition that he had to air-lifted to Roanoke to save his life.  This case is hardly frivolous.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff prays that this Court  strike or overrule the Defendant's Plea in Bar.

Respectfully submitted,

**ELDRIDGE ROOSEVELT MEEKS, III**
**By Counsel**

**JAMES RIVER LEGAL ASSOCIATES**
**7601 Timberlake Road**
**Lynchburg, Virginia 24502**
**P (434) 845-4529**
**F (434) 845-8536**


**By: /s/ M. Paul Valois**

**M. Paul Valois, Esquire**
**Counsel for Plaintiff**
**Virginia State Bar No. 72326**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2020, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to:

James A. L. Daniel, Esquire
Martha White Medley, Esquire
Michael A. Nicholas, Esquire
Panagiotis C. Kostopanagiotis, Esquire
DANIEL, MEDLEY & KIRBY, P.C.
P.O. Box 14125
Roanoke, Virginia 24038
P:  (540) 983-7600
F:  (540) 983-7711
jdaniels@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
pck@dmklawfirm.com

Counsel for Defendants


/s/   M. Paul Valois