# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

**ELDRIDGE ROOSEVELT MEEKS, III,**

    Plaintiff,

v.

                                                                   Civil Action No. 4:20-cv-00029

**THE CITY OF DANVILLE**

**and**

**JACOB AMOS, LARRY DWAYNE LAND,**
**JOHN PULLEY, JONATHAN EPPS,**
**TODD HAWKINS AND WILLIAM SHIVELY,**

    in their individual capacities,

**and**

**JOHN DOES 1 – 10,**

    Defendants.

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PLEA IN BAR

COME NOW DEFENDANTS, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Jonathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1 – 10, by counsel, and for their response to Plaintiff's Memorandum in Opposition to Plea in Bar aver as follows:

The Defendants respectfully submit that the Plea in Bar filed in response to the Plaintiff's Complaint, in which the Defendants "moved the court to dismiss" a state law negligence claim on the grounds more fully set forth in the accompanying brief, is – or functions as – a dispositive motion. In so moving, the Defendants submitted a state law filing addressing a state law claim, citing as defense

the Plaintiff's failure to give notice for a negligence claim as required by state law. This Court has the ability to adjudicate a plea in bar on the merits, as a federal court may choose to rule on – and grant – a plea in bar. *See, e.g.*, McCray v. Ardelle Assocs., 2015 U.S. Dist. LEXIS 81463. This Court also has the authority to convert a plea in bar to a Rule 12(b)(6) motion to dismiss (*see* id.), and the Defendants respectfully request that the Court do so in the event that the Plea in Bar is found not properly before this Court, and adjudicate the motion on the merits.

In stating a claim, it is insufficient merely to proffer legal conclusions on the nature of the claim at issue. In evaluating the motion to dismiss, a court may "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Clark v. BayDocs, Inc., 2013 U.S. Dist. LEXIS 46408 at 5, citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

In this case, the legal conclusions required for the viability of Plaintiff's claim as asserted in count seven do not follow from the facts presented in the Complaint. Namely, as these Defendants more fully articulated in the Plea in Bar, the Plaintiff's own factual allegations set forth in his Complaint do not elevate the Plaintiff's claims beyond those of simple negligence because Plaintiff himself has alleged facts that counter the fiction that the Defendant Officers acted with the "absence of slight diligence or want of even scant care" that is required under Virginia law for a claim of gross negligence. As set forth in the Defendants' Memorandum of Law in Support of Plea in Bar:

- Plaintiff himself states that "one of the defendant OFFICERS placed MEEKS into a sitting position," (Complaint ¶65) to assist him in breathing more easily,

- Plaintiff makes unsubstantiated allegations that none of the officers sought immediate medical assistance for him (Complaint ¶64), but concedes three paragraphs later,

mysteriously, that EMS "eventually" responded (Complaint ¶67), without ever stating if and when the officers summoned him assistance.[1]

Plaintiff's Memorandum in Opposition to the Plea in Bar argues that Plaintiff's bare conclusions as to the causes of Plaintiff's various injuries serve to elevate the facts alleged to gross negligence on the part of the Defendant Officers. Plaintiff presented facts that he attempted to evade arrest by running with his hands cuffed behind his back and his pants falling to his ankles, rendering Plaintiff nearly guaranteed to injure himself due to his inability to break his predictable fall. Plaintiff has access to the information in this case that would allow him to allege facts supporting his theory, were there any. In fact, he has selected (and omitted) information from such sources in order to present his case. If there were any support for the naked allegation that officers caused Plaintiff's injuries, he would allege it. Pointedly, not one scintilla of such support is alleged.

Plaintiff attaches much significance to his allegation that officers "mocked and berated" him while awaiting the arrival of the ambulance, and in so doing seeks an emotional end run around the required pleadings of a gross negligence standard, which is measured by the absence of slight diligence, not the absence of mockery.

Gross negligence does not exist as a matter of law if a defendant showed some degree of care. Thus, a claim for gross negligence cannot go forward, as a matter of law, in those cases where a defendant exercised some degree of care toward the plaintiff. Whitley v. Commonwealth, 260 Va. 482, 538 S.E.2d 296 (2000). These Defendants further note that, while count seven of the Complaint alleges gross negligence of the City, the allegations in that claim all have to do with

---

[1] In fact, officers had directed that an ambulance, previously summoned to the scene to assist another person, be instead directed to Meeks' assistance, and EMS was, thus, already en route.

individual officers' actions, and Plaintiff makes no allegation of the basis of the City's liability, for example on a theory of *respondeat superior*.

Plaintiff's allegations as to gross negligence here are no more than conclusions, and are, thus, not entitled to the assumption of truth. Due to Plaintiff's failure to allege facts that rise to the level of gross negligence, Plaintiff's state tort claim is subject to defenses sounding in simple negligence. Thus, Plaintiff's failure to comply with the statutory notice provision of Virginia Code §15.2-209 means that the state law tort claims are barred in whole or in part. In pleading a higher level of negligence than is warranted by the facts set forth in the Complaint, Plaintiff seeks to evade its duty to provide due notice of a negligence claim to the City. Further, the City is entitled to sovereign immunity, and the Officers entitled to qualified immunity, against a *de facto* simple negligence claim, thus, barring Plaintiff's seventh cause of action.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that the Court grant Defendants' Plea in Bar or, in the alternative, convert Defendants' Plea in Bar to a Rule 12(b)(6) motion to dismiss and grant such motion, and that Defendants be awarded their attorney's fees and costs and whatever other relief the Court deems equitable and just.

>                       CITY OF DANVILLE
>                       JACOB AMOS
>                       LARRY DWAYNE LAND
>                       JOHN PULLEY
>                       JONATHAN EPPS
>                       TODD HAWKINS
>                       WILLIAM SHIVELY

and

JOHN DOES 1-10

By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 26th day of June, 2020 I electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

/s/ *James A. L. Daniel*