IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

**ELDRIDGE ROOSEVELT MEEKS, III,**

    Plaintiff,

**v.**

Civil Action No. 4:20-cv-00029

**THE CITY OF DANVILLE**

**and**

**JACOB AMOS, LARRY DWAYNE LAND,
JOHN PULLEY, JONATHAN EPPS,
TODD HAWKINS AND WILLIAM SHIVELY,**

    in their individual capacities,

**and**

**JOHN DOES 1 – 10,**

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW DEFENDANTS, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Jonathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1 – 10, by counsel, denying that they are liable to Plaintiff in any sum under any legal theory of recovery, and for their Answer to Plaintiff's First Amended Complaint aver as follows:

1.     These Defendants admit that Plaintiff seeks damages as alleged in paragraph 1 of Plaintiff's First Amended Complaint. The remaining allegations of paragraph 1 of Plaintiff's First Amended Complaint are denied.

2. It is admitted that on May 25, 2018, several officers of the Danville Police Department ("DPD"), including the individual Defendants, assembled to arrest Meeks on outstanding felony warrants, that the officers located Meeks hiding in a bathroom of a duplex home located at 265 Lovell Drive, and that Meeks was apprehended and his wrists handcuffed behind his back. It is also admitted that some of the officers knew Meeks and his history of eluding arrest. All other allegations in paragraph 2 of Plaintiff's First Amended Complaint are denied.

3. It is admitted that Meeks fled and ran out the front door with his hands cuffed behind his back, that Officer Amos deployed his taser in the direction of a fleeing Meeks, and that Meeks fell to the ground. All other allegations in paragraph 3 of Plaintiff's First Amended Complaint are denied.

4. It is admitted that Officer Shively ran to the place where Meeks was located and attempted to effectuate his arrest. All other allegations in paragraph 4 of Plaintiff's First Amended Complaint seeking to impute liability to any Defendant herein are denied.

5. It is admitted that Meeks was arrested and transported to a hospital in Danville, and that he was flown to Roanoke by helicopter for emergency treatment. It is denied that his injuries or medical condition were caused by or received at the hands of these Defendants. These Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 5 of Plaintiff's First Amended Complaint and demand strict proof thereof.

6. It is admitted that the incidents that occurred during Meeks' arrest were captured by body-worn cameras. All other allegations in paragraph 6 of Plaintiff's First Amended Complaint are denied.

7. These Defendants do not contest that this court has subject matter jurisdiction over claims and controversies that properly arise under federal law. However, these Defendants deny that Plaintiff has appropriately pled or alleged a case arising under federal law. These Defendants reserve

the right to contest that a particular federal cause of action is appropriate in the instant matter.

8. These Defendants do not contest that this court has supplemental jurisdiction over state law claims. However, these Defendants deny that Plaintiff has appropriately pled a case for supplemental jurisdiction and reserve the right to contest that a particular cause of action in the instant matter is properly before the court.

9. These Defendants do not contest that venue is proper in the Danville Division of the Western District of Virginia if this court has proper jurisdiction over the events concerning Plaintiff. These Defendants deny that Plaintiff has properly pled a cause of action sufficient to invoke the jurisdiction of this court and reserve the right to contest the jurisdiction of this court on any issue raised by Plaintiff's First Amended Complaint. Further, Plaintiff has failed to give the proper statutory notice of his state law claims pursuant to Virginia Code § 15.2-209, thus, barring said claims and precluding jurisdiction over said claims in this Court.

10. The allegations of paragraph 10 of Plaintiff's First Amended Complaint are admitted.

11. The allegations of paragraph 11 of Plaintiff's First Amended Complaint are admitted.

12. The allegations of paragraph 12 of Plaintiff's First Amended Complaint are admitted.

13. The allegations of paragraph 13 of Plaintiff's First Amended Complaint are admitted.

14. The allegations of paragraph 14 of Plaintiff's First Amended Complaint are admitted.

15. The allegations of paragraph 15 of Plaintiff's First Amended Complaint are admitted.

16. The allegations of paragraph 16 of Plaintiff's First Amended Complaint are admitted.

17. The allegations of paragraph 17 of Plaintiff's First Amended Complaint are admitted.

18. These Defendants are without sufficient information to admit or deny the allegations of paragraph 18 of Plaintiff's First Amended Complaint and demand strict proof thereof.

19. The allegations of paragraph 19 of Plaintiff's First Amended Complaint are admitted.

20. The allegations of paragraph 20 of Plaintiff's First Amended Complaint are admitted.

21. The allegations of paragraph 21 of Plaintiff's First Amended Complaint are admitted.

22. The allegations of paragraph 22 of Plaintiff's First Amended Complaint are admitted.

23. The allegations of paragraph 23 of Plaintiff's First Amended Complaint are admitted.

24. The allegations of paragraph 24 of Plaintiff's First Amended Complaint are admitted.

25. The allegations of paragraph 25 of Plaintiff's First Amended Complaint are admitted.

26. The allegations of paragraph 26 of Plaintiff's First Amended Complaint are admitted.

27. The allegations of paragraph 27 of Plaintiff's First Amended Complaint are admitted.

28. The allegations of paragraph 28 of Plaintiff's First Amended Complaint are admitted.

29. The allegations of paragraph 29 of Plaintiff's First Amended Complaint are denied as presently articulated.

30. The allegations of paragraph 30 of Plaintiff's First Amended Complaint are denied as presently articulated. It is admitted that the then DPD policy on "REPORTING USE OF CONTROL DEVICES" required DPD police officers to document the use of batons in both Use of Force and incident reports.

31. The allegations of paragraph 31 of Plaintiff's First Amended Complaint are admitted.

32. The allegations of paragraph 32 of Plaintiff's First Amended Complaint are admitted.

33. The allegations of paragraph 33 of Plaintiff's First Amended Complaint are admitted.

34. The allegations of paragraph 34 of Plaintiff's First Amended Complaint are admitted. The policy also provides for taser use when the circumstances perceived by the officer indicate that it is reasonably necessary to control a person who is violent or physically resisting or who demonstrates an intention to be violent or physically resist and reasonably presents a potential for harm to officers, himself or others.

35. The allegations of paragraph 35 of Plaintiff's First Amended Complaint are admitted.

36. The allegations of paragraph 36 of Plaintiff's First Amended Complaint are admitted.

37. The allegations of paragraph 37 of Plaintiff's First Amended Complaint are denied as articulated. Further, to the extent the allegations of paragraph 37 seek to impute liability to any defendant herein, they are denied.

38. The allegations of paragraph 38 of Plaintiff's First Amended Complaint are admitted.

39. The allegations of paragraph 39 of Plaintiff's First Amended Complaint are admitted.

40. It is admitted that Meeks was wanted on felony warrants which speak for themselves.

41. The allegations of paragraph 41 of Plaintiff's First Amended Complaint are admitted.

42. The allegations of paragraph 42 of Plaintiff's First Amended Complaint are admitted.

43. The allegations of paragraph 43 of Plaintiff's First Amended Complaint are admitted.

44. It is admitted that at least one officer knew Meeks and addressed him as Mickey. All other allegations of paragraph 44 of Plaintiff's First Amended Complaint are denied.

45. The allegations of paragraph 45 of Plaintiff's First Amended Complaint are admitted.

46. The allegations of paragraph 46 of Plaintiff's First Amended Complaint are denied.

47. The allegations of paragraph 47 of Plaintiff's First Amended Complaint are denied as presently articulated. These Defendants affirmatively allege that Officer Amos issued an announcement warning Meeks he would use his Taser, and Meeks continued running.

48. The allegations of paragraph 48 of Plaintiff's First Amended Complaint are denied. These Defendants affirmatively allege that Meeks fell while fleeing arrest at night with his hands cuffed behind him and his pants loose. These Defendants further affirmatively allege that, while Officer Amos issued an announcement warning Meeks he would use his Taser, Meeks continued running, and Amos, five (5) seconds later, deployed his Taser in the direction of a fleeing Meeks;

none of the Taser probes made contact with Meeks' body or caused Meeks to fall.

49. The allegations of paragraph 49 of Plaintiff's First Amended Complaint are denied.

50. The allegations of paragraph 50 of Plaintiff's First Amended Complaint are denied. These Defendants affirmatively allege that Meeks, fleeing arrest with his hands cuffed behind him and his pants loose, suffered injuries due to his own action when he fell to the roadway, and further allege that Meeks began complaining of breathing difficulty within fourteen (14) seconds of his fall.

51. The allegations of paragraph 51 of Plaintiff's First Amended Complaint are denied.

52. The allegations of paragraph 52 of Plaintiff's First Amended Complaint are denied.

53. The allegations of paragraph 53 of Plaintiff's First Amended Complaint are denied.

54. The allegations of paragraph 54 of Plaintiff's First Amended Complaint are admitted.

55. The allegations of paragraph 55 of Plaintiff's First Amended Complaint are denied.

56. The allegations of paragraph 56 of Plaintiff's First Amended Complaint are admitted.

57. The allegations of paragraph 57 of Plaintiff's First Amended Complaint are denied.

58. The allegations of paragraph 58 of Plaintiff's First Amended Complaint are denied.

59. The allegations of paragraph 59 of Plaintiff's First Amended Complaint are denied.

60. The allegations of paragraph 60 of Plaintiff's First Amended Complaint are denied.

61. The allegations of paragraph 61 of Plaintiff's First Amended Complaint, as presently articulated, are denied. These Defendants affirmatively allege that officers promptly summoned EMS and, while awaiting EMS's arrival, turned Meeks on his side to assist his breathing, and briefly returned him to a prone position in order to check him for Taser probes.

62. The allegations of paragraph 62, as presently articulated, are denied. It is admitted that one of the officers made the statement alleged in paragraph 62; however, all allegations of paragraph 62 of Plaintiff's First Amended Complaint that seek to impute liability to any Defendant

herein are denied.

63. The allegations of paragraph 63 of Plaintiff's First Amended Complaint are admitted.

64. The allegations of paragraph 64 of Plaintiff's First Amended Complaint are denied. These Defendants affirmatively allege that officers promptly summoned EMS to the scene.

65. It is admitted that one of the officers placed Meeks in an upright position to assist his breathing. All other allegations of paragraph 65 of Plaintiff's First Amended Complaint are denied.

66. It is admitted that one or more officers remarked that Meeks would not get very far in his escape. All other allegations of paragraph 66 of Plaintiff's First Amended Complaint are denied.

67. It is admitted that EMS responded to the officers' summon and transported Meeks to Sovah Health - Danville. All other allegations of paragraph 67 of Plaintiff's First Amended Complaint are denied.

68. It is admitted that Meeks was flown by helicopter to Carilion Hospital in Roanoke on May 26, 2018. These Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 68 of Plaintiff's First Amended Complaint and demand strict proof thereof.

69. The allegations of paragraph 69 of Plaintiff's First Amended Complaint are admitted.

70. These Defendants deny the allegations of paragraph 70 of Plaintiff's First Amended Complaint claiming that Plaintiff's alleged injuries were the result of any application of excessive force by the officers, and affirmatively allege that Meeks, fleeing arrest with his hands cuffed behind him and his pants loose, suffered injuries when he fell to the roadway.

71. The allegations of paragraph 71 of Plaintiff's First Amended Complaint are denied.

72. The allegations of paragraph 72 of Plaintiff's First Amended Complaint are denied.

73. The allegations of paragraph 73 of Plaintiff's First Amended Complaint are admitted.

74. The allegations of paragraph 74 of Plaintiff's First Amended Complaint are denied.

DANIEL, MEDLEY & KIRBY, P.C.
LAW OFFICES
POST OFFICE BOX 720
DANVILLE, VIRGINIA 24543

7

75. These Defendants incorporate each and every answer set forth above.

76. The allegations of paragraph 76 of Plaintiff's First Amended Complaint do not require an answer of these Defendants. To the extent Plaintiff's recitation of an excerpt from a Fourth Circuit opinion contained in paragraph 76 of Plaintiff's First Amended Complaint seeks to impute liability on the part of any Defendant herein, it is denied.

77. The allegations of paragraph 77 of Plaintiff's First Amended Complaint are a legal conclusion and do not require an answer of these Defendants. To the extent said allegations seek to impute liability on the part of any Defendant herein, they are denied.

78. The allegations of paragraph 78 of Plaintiff's First Amended Complaint are denied.

79. The allegations of paragraph 79 of Plaintiff's First Amended Complaint are denied.

80. The allegations of paragraph 80 of Plaintiff's First Amended Complaint are admitted. Notwithstanding said admission as to this factual recitation, to the extent said allegations seek to impute liability on the part of any Defendant herein, they are denied.

81. The allegations of paragraph 81 of Plaintiff's First Amended Complaint are denied.

82. The allegations of paragraph 82 of Plaintiff's First Amended Complaint are denied.

83. The allegations of paragraph 83 of Plaintiff's First Amended Complaint are denied.

84. It is admitted that Amos was reprimanded by the Danville Police Department for his deployment of the Taser on May 26, 2018, and that the language contained in the Department's reprimand speaks for itself. To the extent Plaintiff's recitation of an excerpt from the Department's reprimand, or any remaining allegations of paragraph 84 of the Plaintiff's First Amended Complaint seek to impute liability on the part of any Defendant herein, they are denied.

85. The allegations of paragraph 85 of the Plaintiff's First Amended Complaint are admitted.

86. The allegations of paragraph 86 of the Plaintiff's First Amended Complaint are denied.

87. These Defendants incorporate each and every answer set forth above.

88. The allegations of paragraph 88 of Plaintiff's First Amended Complaint are denied.

89. The allegations of paragraph 89 of Plaintiff's First Amended Complaint are denied.

90. The allegations of paragraph 90 of Plaintiff's First Amended Complaint are denied.

91. The allegations of paragraph 91 of Plaintiff's First Amended Complaint are denied.

92. The allegations of paragraph 92 of Plaintiff's First Amended Complaint are denied.

93. The allegations of Paragraph 93 of Plaintiff's First Amended Complaint are denied.

94. These Defendants incorporate each and every answer set forth above.

95. The allegations of paragraph 95 of Plaintiff's First Amended Complaint do not require an answer of these Defendants. To the extent Plaintiff's recitation of an excerpt from a Fourth Circuit opinion contained in paragraph 95 of Plaintiff's First Amended Complaint seeks to impute liability on the part of any Defendant herein, it is denied.

96. It is admitted that at least one officer opined on the futility of Meeks' attempted escape. All other allegations of paragraph 96 of Plaintiff's First Amended Complaint are denied.

97. The allegations of paragraph 97 of Plaintiff's First Amended Complaint are admitted on the ground that it is to be anticipated that a part of any officer's job may include the arrest of a fleeing felon.

98. The allegations of paragraph 98 of Plaintiff's First Amended Complaint are admitted.

99. It is admitted the City of Danville's written policies covering the conduct of its police officers are constitutional. All other allegations of paragraph 99 of Plaintiff's First Amended Complaint are denied.

100. To the extent the allegations of paragraph 100 of Plaintiff's First Amended Complaint seek to impute liability to any Defendant herein, they are denied. It is affirmatively alleged that the training for all officers whose conduct is at issue herein is appropriate and proper, and that the "facts" as alleged by Plaintiff in paragraph 100 of Plaintiff's First Amended Complaint are inaccurate.

101. The allegations of paragraph 101 of Plaintiff's First Amended Complaint are denied. The allegations of paragraph 101 of Plaintiff's First Amended Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

102. The allegations of paragraph 102 of Plaintiff's First Amended Complaint are denied. The allegations of paragraph 102 of Plaintiff's First Amended Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

103. These Defendants incorporate each and every answer set forth above.

104. The allegations of paragraph 104 of Plaintiff's First Amended Complaint are denied.

105. The allegations of paragraph 105 of Plaintiff's First Amended Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent the allegations of paragraph 105 of Plaintiff's First Amended Complaint seek to impute liability to any Defendant herein, they are denied.

106. The allegations of paragraph 106 of Plaintiff's First Amended Complaint are denied.

107. The allegations of paragraph 107 of Plaintiff's First Amended Complaint are denied.

108. The allegations of paragraph 108 of Plaintiff's First Amended Complaint are denied. The allegations of paragraph 108 of Plaintiff's First Amended Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

109. The allegations of paragraph 109 of Plaintiff's First Amended Complaint are denied. The allegations of paragraph 109 of Plaintiff's First Amended Complaint are frivolous and lacking in

any reasonable foundation in law or in fact.

110. The allegations of paragraph 110 of Plaintiff's First Amended Complaint are denied.

111. These Defendants incorporate each and every answer set forth above.

112. The allegations of paragraph 112 of Plaintiff's First Amended Complaint are denied.

113. The allegations of paragraph 113 of Plaintiff's First Amended Complaint are denied.

114. The allegations of paragraph 114 of Plaintiff's First Amended Complaint are a legal conclusion that do not require an answer of these Defendants. To the extent an answer may be required, these Defendants deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

115. These Defendants incorporate each and every answer set forth above.

116. The allegations of paragraph 116 of Plaintiff's First Amended Complaint are admitted. Further, these Defendants deny that they breached any such duty to Plaintiff, and further deny that they are liable to Plaintiff under any theory or for any sum of money or damages.

117. The allegations of paragraph 117 of Plaintiff's First Amended Complaint are denied.

118. The allegations of paragraph 118 of Plaintiff's First Amended Complaint are denied.

119. The allegations of paragraph 119 of Plaintiff's First Amended Complaint are denied.

120. The allegations of paragraph 120 of Plaintiff's First Amended Complaint are denied.

121. The allegations of paragraph 121 of Plaintiff's First Amended Complaint are denied.

## Affirmative Defenses

1. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or

in part, by the doctrine of Qualified Immunity.

3. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to give proper statutory notice under Virginia Code §15.2-209.

4. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and assumption of the risk.

5. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for injunctive relief.

6. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for punitive damages. These Defendants further affirmatively state that, even if punitive damages may be awarded, that such damages are limited by Virginia Code § 8.01-38.1.

7. These Defendants affirmatively state that Plaintiff's claims of excessive force, battery, intentional infliction of emotional distress and gross, willful, wanton, and reckless negligence are, in part, frivolous and without any reasonable foundation or support in law or in fact. These Defendants affirmatively request that any such frivolous allegation be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs with respect to any such frivolous allegation, and that the Court enter an order sanctioning Plaintiff for filing any said frivolous allegation.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that Plaintiff's First Amended Complaint be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

CITY OF DANVILLE

JACOB AMOS

                                            LARRY DWAYNE LAND

                                            JOHN PULLEY

                                            JONATHAN EPPS

                                            TODD HAWKINS

                                            WILLIAM SHIVELY

                                            and

                                            JOHN DOES 1-10

                                            By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 21st day of October, 2020 I electronically filed the foregoing Defendants' Answer To Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

                                                        /s/ *James A. L. Daniel*