IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

ELDRIDGE ROOSEVELT MEEKS, III,

        Plaintiff,

                                                  Civil Action No. 4:20-cv-00029

v.

THE CITY OF DANVILLE, et al.
        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF ROBERT S. BROWN, JR. MD

COME NOW your Defendants, The City of Danville, Jacob Amos, Larry Dwayne Land, John Pulley, Jonathan Epps, Todd Hawkins, William Shively, and John Does 1-10, through undersigned counsel, to tender their Response to Plaintiff's Motion to Exclude the Testimony of Robert S. Brown, Jr. MD.

### I. Facts

On October 8, 2020, Plaintiff filed his First Amended Complaint to recover damages, fees and costs arising from the injuries he suffered due to alleged excessive force used during his apprehension and arrest by officers of the Danville Police Department on May 25, 2018. First Amended Complaint at ¶ 1. Amongst his various allegations, Plaintiff alleges that various officers, acting in concert with one another, broke his ribs, clavicle, and caused other physical injuries. First Amended Complaint at ¶ 104. He also alleges that he was caused severe emotional distress by this incident and is thus entitled to recover compensatory and purnitive damages as a result. First Amended Complaint at ¶ 113-114. Through these allegations, Plaintiff has put his physical and mental health at issue in the present litigation.

In a series of emails between April 12, 2021, and April 16, 2021, Plaintiff's counsel and Defendants' counsel agreed that a physical and psychological evaluation of Plaintiff Eldridge Meeks pursuant to Rule 35 of the Federal Rules of Civil Procedure would be performed by Dr. Robert S. Brown, Jr. MD on April 22, 2021, at his office located in Charlottesville, Virginia. See emails attached hereto and incorporated herein as Exhibit A. Specifically, in an email dated April 16, 2021, timestamped 9:41 a.m. sent to both counsel for the Plaintiff and Counsel for the Defense, Dr. Robert Brown outlined in detail how the evaluation would take place and the extent of the examination. See Exhibit A. Given this information, Plaintiff's Counsel, Paul Valois, Esq., consented to the Rule 35 Evaluation. See Exhibit A. This consent was memorialized in a letter dated April 16, 2021. See April 16, 2021 letter attached hereto and incorporated herein as Exhibit B.

An evaluation of Plaintiff Meeks was subsequently performed by Dr. Brown on April 22, at his office in Charlottesville, Virginia, conforming to the conditions outlined in Dr. Brown's email to Mr. Valois dated April 16, 2021. In connection with his evaluation, Dr. Brown prepared a report dated April 27, 2021. This report was forwarded to both counsel for the Plaintiff and counsel for the defense. Mr. Valois received his copy of the report on April 30, 2021 at 2:05 p.m. as indicated in the FedEx shipping record attached hereto and incorporated herein as Exhibit C. The scheduling order entered in connection with this case set May 4, 2021 as the cutoff date for discovery. ECF #37. Plaintiff now moves this Court to exclude Dr. Brown's testimony pursuant only to the provisions of FRCP Rule 26.

## II. Argument and Authority

Plaintiff's motion asks this Court to reconcile the discrepancies in deadlines contemplated by Rule 26 and Rule 35. Other Courts within the Fourth Circuit have applied the

Waggoner rule. *See* Koger v. Norfolk S. Ry. Co., 2009 U.S. Dist. LEXIS 144514 (citing Waggoner v. Ohio Cent. R. R., Inc., 242 F.R.D. 413, 414 (S.D.Ohio 2007)). In Waggoner the Court held that "Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2)." Waggoner v. Ohio Cent. R.R., Inc., 242 F.R.D. 413, 414.

In Koger the Southern District of West Virginia District Court held that a "party can obtain expert evidence under Rule 35 whereas the parties can otherwise employ experts independently to support their claims. The Court finds Rule 26(a)(2) applies to disclosure of information respecting the latter and not to expert evidence developed under Rule 35." Koger v. Norfolk S. Ry. Co., 2009 U.S. Dist. LEXIS 144514, 4. Thus, "the deadline for disclosure of expert witness reports [pursuant to Rule 26 does] not apply to defendant's issuance of the Rule 35 report." Id. at 414 (citing Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65 (S.D.N.Y 1995)). The examiner must be allowed to communicate to the trier of fact the opinions contained in his report. Without such testimony, the trier or fact would be deprived of the information contained in the report and thereby unable to weigh that evidence.

Dr. Brown has been disclosed as an expert pursuant to Rule 35 of the FRCP, not simply as an expert designated pursuant to the provisions of Rule 26. The Plaintiff's Motion *in limine* addresses Rule 26 disclosure and does not address the significance or the difference of a Rule 35 examiner being called as an expert. FRCP Rule 35(a)(2)(b) requires that notice of a Rule 35 evaluation "must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it." The exchange of emails between Mr. Valois and Mr. Daniel between April 12, 2021 and April 16, 2021 attached hereto and incorporated herein as Exhibit A clearly established and put Plaintiff on notice of the time, place, manner,

conditions and scope of the examination. Specifically, the email from Dr. Brown to Mr. Valois on April 16 notes the time, place, manner, conditions, and scope of the examination. Dr. Brown even goes so far as to list the individual inventories likely to be administered. After this email, Mr. Valois replied, stating: "as long as I receive such a report and as long as the purpose and scope of the evaluation conducted as described, I agree, pursuant to Rule 35, to the evaluation."

"Federal Rule of Civil Procedure 35(a)(2)(A) provides that the Court may order an independent medical examination 'only on a motion for good cause and on notice to all parties and the person to be examined[.]' Unless the parties agree to it." Koger v. Norfolk S. Ry. Co., 2009 U.S. Dist. LEXIS 144514, 4. Here, as in Koger, the parties agreed to the Rule 35 examination. "The Court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FRCP Rule 35(a)(1). By alleging that he was both physically and mentally wounded at the hands of Defendants and requesting relief from this Court, Plaintiff has put the issue of his physical and mental condition in controversy in this case. FRCP Rule 35(b)(6) notes that the entirety of subdivision (b) applies also to an examination made by the parties' agreement. FRCP Rule 35(b)(4) states that "by requesting and obtaining the examiner's report . . . the party examined waives any privilege it may have . . . concerning testimony about all examinations of the same condition." The email exchange contained in Exhibit A makes clear that in this case Plaintiff consented to the evaluation, not only by counsel's consent but also by Plaintiff's submission of himself for evaluation on April 22, 2021 in Charlottesville, Virginia. By doing so he was waived any possible privilege concerning testimony regarding his physical and mental conditions alleged in this case.

The weight of the authorities on this issue contemplates that the party requesting the examination may call the examiner to testify as an expert witness at trial. Licciarrdi v. TIG Ins. Group, 140 F.3d 257 (1st Cir. 1998) (holding testimony by the examiner will be limited to the opinions disclosed in the report, testimony beyond the scope of the report is properly excluded).

Defendants fully and completely disclosed Dr. Brown as an expert witness pursuant to Rule 35 on April 30, 2021, when Mr. Valois received his copy of the Rule 35 report. Plaintiff's receipt of Dr. Brown's report was not only as soon as was practicable under the circumstances, but also well in advance of the discovery deadline of May 4, 2021. On May 12, 2021, Defendants, through counsel, took the precaution of filing their Certificate of Service of Supplemental Expert Disclosure clearly designating Dr. Brown pursuant to both Rule 26 and Rule 35. ECF #61. Such disclosure, merely stating the obvious fact that Dr. Brown would be called as a witness, made nearly three months in advance of trial, cannot be held to be prejudicial in any way towards the Plaintiff. Both Plaintiff and his counsel were aware of and agreed to the examination by Dr. Brown. Brown's report dated April 27, 2021 was transmitted to counsel for both Plaintiff and the defense. Plaintiff cannot approbate and then reprobate upon learning the information contained in the report he agreed to is detrimental to his client. To do so would deprive Defendants the opportunity to present a full defense.

It is not the parameters of Rule 26, as Plaintiff would assert, that governs this disclosure. Rather, it is the parameters of Rule 35 that govern. Precedent clearly establishes that the deadlines required by Rule 26 do not apply to examinations performed pursuant to Rule 35. For these reasons, Defendants disclosure of Dr. Brown as an expert witness on behalf of the defense is both timely and proper.

### III. Conclusion

WHEREFORE, your Defendants, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Johnathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1-10, pray this Court deny Plaintiff's Motion to Exclude the Testimony of Robert S. Brown, Jr. MD, enter an order ratifying the agreement of counsel as exhibited in Attachment A, and finding that the examination performed on April 22, 2021 of Eldridge Meeks by Dr. Robert S. Brown, Jr. MD was done pursuant to FRCP Rule 35 and further finding that Dr. Brown shall be allowed to testify at trial as the Rule 35 examiner and that the Court further order such relief as it deems appropriate and just.

                                                           CITY OF DANVILLE

                                                           JACOB AMOS

                                                           LARRY DWAYNE LAND

                                                           JOHN PULLEY

                                                           JONATHAN EPPS

                                                           TODD HAWKINS

                                                           WILLIAM SHIVELY

                                                           and

                                                           JOHN DOES 1-10

                                                           By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Katerina Holland, Esq. (VSB No. 91073)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
kholland@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL

I hereby certify that on this 25th day of May, 2021 I electronically filed the foregoing Defendants' Response to Plaintiff's Motion to Exclude the Testimony of Robert S. Brown, Jr. MD with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

/s/ *James A. L. Daniel*