IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

**ELDRIDGE ROOSEVELT MEEKS, III,**

            Plaintiff,

                                                            **Civil Action No. 4:20-cv-00029**

**v.**

**THE CITY OF DANVILLE, et al.**

            Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF BRYAN CHILES

        COME NOW your Defendants, The City of Danville, Jacob Amos, Larry Dwayne Land, John Pulley, Jonathan Epps, Todd Hawkins, William Shively, and John Does 1-10, through undersigned counsel, to tender their Response to Plaintiff's Motion to Exclude the Testimony of Bryan Chiles. Plaintiff has moved to exclude the testimony of Defendant's electronic weapons expert, Senior Investigations Engineer Bryan S. Chiles, an employee of Axon Enterprise, Inc., the manufacturer of the weapon used by Defendant Amos the night of May 25, 2018, under the authority of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), and its progeny. While Plaintiff clearly disagrees with Chiles' conclusion, he also purports to challenge his qualifications and calls the Chiles report "self-contradictory". While this may be a challenge to the credibility of the Chiles report, it is not a proper challenge to the admissibility of Chiles' evidence, his anticipated testimony or the report, nor is it the proper focus of a Daubert inquiry, see 509 U.S. at 595. All of Plaintiff's concerns can be probed on cross-examination at trial. In actual fact, Plaintiff's objection goes to the weight of the proffered evidence, not its admissibility. As such, Plaintiff's Motion should consequently be denied.

## I. The <u>Daubert</u> Standard

Rule 702 of the Federal Rules of Evidence provides that a qualified expert witness "may testify in the form of an opinion or otherwise if . . . [his or her] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The expert's testimony must be "based on sufficient facts or data" and be "the product of reliable principles and methods." Fed. R. Evid. 702(b), (c). And "the expert [must] reliably appl[y] the principles and methods to the facts of the case." Fed. R. Evid. 702(d).

"Implicit in the text of Rule 702 is a district court's gatekeeping responsibility to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" <u>Nease v. Ford Motor Co.</u>, 848 F.3d 219, 229 (4th Cir.) (alteration in original) (quoting <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)). "With respect to reliability, the district court must ensure that the proffered expert opinion is based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." Id. (internal quotation marks omitted) (emphasis omitted). "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" Id. (quoting <u>Daubert</u>, 509 U.S. at 591).

As the Supreme Court has repeatedly explained, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), offers district courts several guidepost factors that the court "may consider" in assessing an expert's evidentiary reliability to the extent that the factors are relevant to the specific facts of the case at hand. See <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 141, 119 S. Ct. 1167, 143 L. Ed.

2d 238 (1999) (emphasis in original). These factors include "[w]hether a theory or technique . . . can be (and has been) tested"; whether the theory or technique "has been subjected to peer review and publication"; whether a given technique has a "high known or potential rate of error and whether there are standards controlling the technique's operation"; and "[w]hether the theory or technique enjoys general acceptance within a relevant scientific community." Id. at 149-50 (internal quotation marks omitted). These factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his [or her] testimony." Id. at 150 (internal quotation marks omitted).

## II. The Daubert Standard for Admissibility Focuses on Relevancy and Reliability, Not Factual Issues in Dispute

Plaintiff's summary of the Daubert standard to be considered by the Court is partially correct, but omits several important considerations.

First, the Supreme Court decided Daubert in the context of toxic tort litigation, in which arguably the most pressing policy concern was that juries would be misled by experts offering novel, untested theories, or even "junk science." See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 595-97 (1993) (new standard will prevent "befuddled juries"); Elsayed Mukhtar v. Cal State Univ., Hayward, 299 F.3d 1053, 1063-64 (9th Cir. 2002) (Daubert guards against "junk science" and "is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony"); Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (scientific evidence must "not mislead the jury"). In contrast, Senior Investigations Engineer Chiles's opinions in this case rest on standard methodologies over which there can be no serious dispute.

Second, to the extent that Plaintiff's motion is based on objections to the factual foundation of Senior Investigator Chiles's opinions, including Plaintiff's argument that his data set is flawed, nothing in <u>Daubert</u> or its progeny changed the fundamental rule that the factual basis of an expert opinion "goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." <u>Hose v. Chicago Northwestern Transp. Co.</u>, 70 F.3d 968, 974 (8th Cir. 1995); accord <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134, 1143 (9th Cir. 1997) ("Technical unreliability goes to the weight accorded a survey, not its admissibility") (citations omitted); <u>Kannankeril v. Terminix Int'l, Inc.</u>, 128 F.3d 802, 807, 809 (3d Cir. 1997) (reversing exclusion of expert based on "insufficient factual foundation" and cautioning that the "trial judge must be careful not to mistake credibility questions for admissibility questions").

Whether an expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot be assessed for reliability, is one of the factors which is used by the courts to consider whether expert testimony is proper with respect to assisting the trier of fact in making its determination. This is one of the factors the <u>Daubert</u> court considered.

In the case at bar, counsel for the Plaintiff details at length in his brief the many ways Plaintiff would "objectively" challenge the Chiles report. In fact, the plaintiff's brief begins by identifying the three subject areas about which Plaintiff's counsel expects Chiles to testify:

1. The data obtained from Officer Amos' taser.

2. The audio recording taken from Officer Amos' body-worn camera

3. The data Chiles obtained during testing in his laboratory at the offices of Axon International Inc.

These three subject areas can be, and are, challenged objectively in Plaintiff's brief. It is thus a foregone conclusion that plaintiff recognizes that Chiles can be "challenged" or cross-examined in an objective sense and that Chiles's report is not simply a subjective, conclusory report that cannot be assessed for reliability.  This approach further underscores the defense position that the Chiles report and the opinions of Chiles are in no way the type of expert opinion and testimony about which <u>Daubert</u> would caution.

Understood in light of all of the relevant law relating to exclusion of expert testimony under <u>Daubert</u>, Plaintiff's motion should fail.  Plaintiff's counsel can cross examine Chiles and challenge how he conducted his analysis and came to his conclusion.  In summation, Plaintiff's argument goes to the weight, and not the admissibility of Chiles' testimony.

### III.     Conclusion

WHEREFORE, your Defendants, the City of Danville, Officer Jacob Amos, Officer Larry Dwayne Land, Officer John Pulley, Officer Johnathan Epps, Officer Todd Hawkins, Officer William Shively, and John Does 1-10, pray this Court deny Plaintiff's Motion to Exclude the Testimony of Bryan Chiles, and that the Court further order such relief as it deems appropriate and just.

CITY OF DANVILLE

JACOB AMOS

LARRY DWAYNE LAND

JOHN PULLEY

JONATHAN EPPS

TODD HAWKINS

WILLIAM SHIVELY

and

JOHN DOES 1-10

By Counsel

Counsel:

/s/ *James A. L. Daniel*
James A. L. Daniel, Esq. (VSB No. 03881)
Martha White Medley, Esq. (VSB No. 21171)
Michael A. Nicholas, Esq. (VSB No. 80749)
Katerina Holland, Esq. (VSB No. 91073)
Panagiotis C. Kostopanagiotis, Esq. (VSB No. 94215)
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Telephone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com
kholland@dmklawfirm.com
pck@dmklawfirm.com
*Counsel for Defendants*

CERTIFICATE OF COUNSEL

I hereby certify that on this 25th day of May, 2021 I electronically filed the foregoing Defendants' Response to Plaintiff's Motion to Exclude the Testimony of Bryan Chiles with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, M. Paul Valois, Esq., James River Legal Associates, 7601 Timberlake Road, Lynchburg, Virginia 24502.

/s/ *James A. L. Daniel*